# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RUTH A. WYATT,**

    **Plaintiff,**

    **v.**                                                          **CIVIL ACTION NO. 2:06 CV 112**
                                                                                       **(Maxwell)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## **ORDER**

It will be recalled that the above-styled social security appeal was instituted on November 22, 2006, with the filing of a Complaint by *pro se* Plaintiff Ruth A. Wyatt.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.12 of the Local Rules of General Practice and Procedure.

The docket in the above-styled social security appeal reflects that the Defendant filed his Answer to the Complaint, along with a copy of the Transcript of the Administrative Proceedings, on February 1, 2007.

By Order entered April 3, 2007, Magistrate Judge Kaull Ordered the *pro se* Plaintiff to file a motion for summary judgment and a brief in support of her claims on or before May 4, 2007. In his April 3, 2007, Order, Magistrate Judge Kaull expressly advised the Plaintiff that a failure to do so would result in his entry of a Report and

Recommendation recommending that the District Judge dismiss her case.

On June 11, 2007, Magistrate Judge Kaull entered a Report And Recommendation/Opinion (Docket No. 10) wherein he noted that the Plaintiff had not filed a motion for summary judgment or any other document since the entry of the April 3, 2007, Order, and recommended that the Plaintiff's Complaint be dismissed for failure to prosecute and for failure to comply with the Court's April 3, 2007, Order. In said Report And Recommendation/Opinion, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation/Opinion. Magistrate Judge Kaull's Report And Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Kaull's June 11, 2007, Report And Recommendation/Opinion have been filed. The docket further reflects that, to date, the Plaintiff has still not filed a motion for summary judgment.

Upon consideration of said Report and Recommendation/Opinion, and having

received no written objections thereto[1], the Court accepts and approves the Report And Recommendation/Opinion. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation/Opinion (Docket No. 10) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the *pro se* Plaintiff's Complaint (Docket No. 1) be, and the same is hereby, **DISMISSED** for failure to prosecute and for failure to comply with Magistrate Judge Kaull's April 3, 2007, Order.

The Clerk of Court is directed to transmit copies of this Order to counsel of record herein and to the *pro se* Plaintiff.

**ENTER:** November   15  , 2007

                                              **/S/ Robert E. Maxwell**
                                                United States District Judge

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).